UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| KATHERINE HICKS, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil No. 0:13-CV-91-HRW |
| v. | ) | |
| M. SEPANEK, WARDEN | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court upon the motion of the defendant, M. Sepanek, Warden of the Federal Correctional Institution in Ashland, Kentucky, to dismiss the complaint, or alternatively for summary judgment. [D. E. No. 8] The plaintiff, Katherine Hicks, has filed her response to the motion [D.E. No. 10], and this matter is therefore ripe for adjudication.

I

Plaintiff Katherine Hicks, proceeding without an attorney, filed her complaint against Warden Sepanek on July 12, 2013. [D. E. No. 1] In the complaint, Hicks alleged that she has been prohibited from communicating with her father David Hicks, an inmate at FCI-Ashland, in any way, whether through personal visits, telephone calls, written correspondence, or electronic mail. Hicks

alleged that these restrictions were imposed arbitrarily and not in compliance with appropriate procedures. The plaintiff claimed that the prohibitions against communication with her father violated her freedoms of speech and association under the First Amendment and her right to due process under the law under the Fifth Amendment. [D. E. No. 1, pp. 2-3] Hicks sought declaratory and injunctive relief compelling the Bureau of Prisons to permit communication and visitation, as well as compensatory and punitive damages. [D. E. No. 1, p. 4]

Following service of summons, Warden Sepanek filed his Motion to Dismiss, or in the alternative, Motion for Summary Judgment. [D. E. No. 8] In his motion, Sepanek notes that the BOP has promulgated regulations and policies governing visitation and communication between federal inmates and their family and friends. 28 C.F.R. § 540.40; Program Statement 5267.08. Under those regulations, prison staff must approve visitors, but family members are included "absent strong circumstances which preclude visiting." 28 C.F.R. § 540.44(a). Similarly, BOP regulations permit prison officials to impose restrictions upon inmate communications by telephone, 28 C.F.R. § 540.100(a), electronic mail, PS 5265.13, and regular mail, 28 C.F.R. § 540.15(a), in order to protect the safety and security of the inmate, the prison, and the public.

The government does not indicate whether such restrictions were imposed upon David Hicks upon his initial surrender into federal custody. Warden Sepanek

does state that while Mr. Hicks was incarcerated at the Federal Correctional Institution in Beckley, West Virginia, from January 2009 to August 2012, he was permitted to visit with his daughters "due to an error in the preparation of David Hicks' visiting list, ..." [D. E. No. 8-1, p. 3] However, following an incident which occurred during visitation involving David Hicks, his other daughter, and the plaintiff, BOP staff reviewed David Hicks's presentence investigation report. David Hicks was indicted on federal child pornography charges in West Virginia in February 2005. On January 23, 2007, a jury found him guilty of two counts of possessing child pornography, one count of receiving child pornography, and two counts of producing child pornography. Mr. Hicks was sentenced to a thirty-year term of incarceration. *United States v. David A. Hicks*, No. 2:05-CR-40-1 (S.D. W.Va. 2005). His PSR indicated that his daughters were identified as victims of his crimes. [D. E. No. 8-1, p. 3]

Accordingly, the warden at FCI-Beckley terminated David Hicks's privileges to visit with his daughters or to communicate with them by telephone or electronic mail. [D. E. No. 8-1, pp. 3-4] These restrictions remained in place following Hicks's transfer to FCI-Ashland on April 25, 2013. *Id.* at 4. However, no restrictions have been placed upon David Hicks's ability to communicate with family members through regular mail. [D. E. No. 8-1, pp. 5-6]

**II**

The Court must first address the defendant's argument that Ms. Hicks's claims have been rendered moot by his transfer to another correctional institution. After this suit was filed, David Hicks was transferred to the Federal Correctional Institution in Marianna, Florida. [D. E. No. 8-1, p.1 n.2] The government contends this matter has become moot because David Hicks was transferred away from Warden Sepanek's custody and control, and prison officials at FCI-Marianna will make a new determination regarding David Hicks's visitation and communication with family. [D. E. No. 8-1, pp. 11-12] In her response, Ms. Hicks indicates that she does not object to a finding of mootness so long as her claims are dismissed without prejudice to her right to pursue a new federal action in the district of David Hicks's incarceration. [D. E. No. 10, p. 1]

While the parties appear willing to permit dismissal of this action on the ground that David Hicks's transfer rendered the claims moot, the Court can not dismiss this action upon a theory that lacks legal merit. As the Court noted during its initial screening of the complaint, Hicks's claims against Warden Sepanek in his official capacity constitute claims against the BOP, not Sepanek himself. [D. E. No. 4, pp. 4-5] The government itself acknowledges this fact. [D. E. No. 8-1, p. 7 ("As Plaintiff has filed this action against Warden Sepanek in his official capacity ... her claim is a claim against the United States.")] There is no question that

David Hicks remains in the custody of the Bureau of Prisons, the actual, rather than strictly nominal, defendant. Furthermore, the very factors which led the BOP to impose the visitation and communication restrictions – the nature of David Hicks's offenses and his relationship to the persons with whom he sought communication – remain unchanged. [D. E. No. 8-6, pp. 1-3] Under such circumstances, the transfer of the plaintiff merely to a different prison within the same penal system does not render the controversy moot. *Cf. Colvin v. Caruso*, 605 F. 3d 282, 295-96 (6th Cir. 2010); *Rezaq v. Nalley*, 677 F. 3d 1001, 1008-109 (10th Cir. 2012); *Jordan v. Sosa*, 654 F. 3d 1012, 1028-29 (11th Cir. 2011).

The Court will therefore address the substance of the government's contention that Ms. Hicks's constitutional claims are without merit. As a threshold matter, the Court must decline the plaintiff's request to defer resolution of those issues until a later date to permit her additional time to file a more substantial memorandum in opposition to the government's motion. [D. E. No. 10, p. 1] After the government filed its motion, the Court entered an Order directing Ms. Hicks to file a response to that motion and, *sua sponte*, granted her additional time to do so because she is proceeding without the assistance of counsel. [D. E. No. 9] The appropriate course for the plaintiff was therefore to act in accordance with the Court's Order by addressing the contentions in the defendant's motion in her response within the time permitted. Having failed to do so, the Court will address

the defendant's motion, accepting the defendant's factual assertions as true at this juncture. *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 404-05 (6th Cir. 1992).

Warden Sepanek contends that Ms. Hicks does not have a constitutional right, whether grounded in the First or Fifth Amendment, to visit or communicate with her incarcerated father. [D. E. No. 8-1, pp. 8-10] The Supreme Court long ago determined that while there may be some form of constitutional protection for familial relationships outside of the prison context, because "[t]he very object of imprisonment is confinement .. [m]any of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner. And, as our cases have established, freedom of association is among the rights least compatible with incarceration." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). Accordingly, there is no constitutional right to any particular form or extent of prison visitation. *Ky. Dept. of Corr. v. Thompson*, 490 U.S. 454, 460-61 (1989); *Henry v. Dep't of Corr.*, 131 F. App'x 847, 849 (3d Cir. 2005). This rule applies to the prisoner and outside family members alike. *Spear v. Sowders*, 71 F. 3d 626, 630 (6th Cir. 1995) ("a citizen simply does not have a right to unfettered visitation of a prisoner that rises to a constitutional dimension").

Restrictions upon various forms of association between a prisoner and outside family members survive constitutional scrutiny if they are rationally related

to legitimate penological interests, affording the judgments of prison administrators substantial deference in this regard. *Overton*, 539 U.S. at 132. To determine whether a given restriction passes constitutional muster, the Court must evaluate (1) whether the regulation has a valid, rational connection to a legitimate governmental interest; (2) whether alternative means are open to inmates to exercise the asserted right; (3) what impact an accommodation of the right would have on guards and inmates and prison resources; and (4) whether there are reasonable alternatives to the regulation. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987).

Here, the prohibition against visitation between a prisoner convicted of child pornography charges and one of his victims serves the government's legitimate interest in both the protection of children and the rehabilitation of the inmate. Further, the BOP has permitted the parties to communicate through written correspondence, allowing them an alternative means to exercise their rights of association. Third, in light of the nature David Hicks's criminal offenses, requiring the BOP to permit visitation, telephone calls, or electronic mail communication would require prison officials to commit substantial resources to monitor and oversee such interactions, incurring considerable expense and distracting limited resources away from other prison needs. The Court therefore concludes that the BOP's restrictions upon communications between the plaintiff and her father

amply satisfy the four-factor analysis set forth in *Safley* and pass constitutional muster. Other courts considering these factors have likewise found that restrictions similar to those at issue here are do not violate constitutional protections. *Overton*, 539 U.S. at 133-36; *Azzara v. Scism*, No. 4: CV-11-1075, 2012 WL 722342, at *6 (M.D. Pa. Mar. 01, 2012); *Walker v. Smith*, No. 3:CV-07-178, 2007 WL 2907883, at *6-7 (M. D. Pa. Sept. 28, 2007).

Accordingly, **IT IS ORDERED** that:

1. Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment [D. E. No. 8] is **SUSTAINED**.

2. Plaintiff's complaint [D. E. No. 1] is **DISMISSED WITH PREJUDICE**.

3. The Court will enter a separate judgment contemporaneously with this order.

4. This matter is **STRICKEN** from the active docket.

Entered: March 17, 2014.



Signed By
Henry R. Wilhoit, Jr.
United States District Judge